**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SCOTT TINSLEY**                                                                                  **PETITIONER**

**V.**                                                              **CIVIL ACTION NO. 3:21CV64 HTW-LGI**

**WARDEN SHANNON WITHERS**                                                      **RESPONDENT**


**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Scott Tinsley's petition for relief under 28 U.S.C. § 2241, styled as a "Motion for Emergency Injunction and Compassionate Release." Tinsley is a federal prisoner currently housed at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, serving a 15-year term of imprisonment imposed by the United States District Court for the Eastern District of Kentucky. Tinsley challenges both his transfer to and the conditions of confinement at FCC-Yazoo. Respondent asserts that the petition should be dismissed for lack of subject matter jurisdiction, and for failure to exhaust administrative remedies. After full consideration of the pleadings, the undersigned recommends that the petition be dismissed.

Tinsley asserts that despite earning "low custody status," he was transferred over his objection from the housing facility near his family in Lexington, Kentucky to the high security unit at FCC-Yazoo. Though initially told that it was a temporary placement, Tinsley alleges that the placement is on-going and that the conditions of confinement have been wholly inadequate, including but not limited to limited access to shower use, exercise, warm clothing, commissary items, personal property, medications, and medical

attention.  Tinsley charges that FCC-Yazoo is insufficiently staffed and unprepared to house inmates.  In his prayer for relief, he requests that this Court issue an order enjoining the BOP from transferring any additional inmates to the Yazoo facility until it is fully staffed.  Should BOP fail to comply within 30 days, Tinsley requests that the Court "empanel a panel of judges with the power to release any and all prisoners that meet the requirements for release under [sic] the Cares Act, compassionate release[,] or clemency," or low custody status.  Lastly, he requests that this Court issue an order directing FCC-Yazoo to immediately grant inmates with low-custody status access to the facilities and amenities described above.  Respondent submits that the petition should be dismissed for lack of subject matter jurisdiction, and for failure to exhaust administrative remedies.

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct.  *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citing *Pack v. Yuseff*, 218 F. 3d 448, 451 (5th Cir. 2000)).  A § 2255 petition is "the primary means of collaterally attacking a federal sentence" and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is executed" and is properly brought in the district of incarceration.  *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted).  However, "habeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 U.S. 933, 935 (5th Cir. 1976).  An inmate has no constitutional right to a particular classification or housing at a particular institution during incarceration. *Moody v. Daggett*, 429 U.S. 78, 88, 97 S. Ct. 274, 50 L. Ed. 2d 236

2

(1976) n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (prisoner has no protectable interest in custodial classification and disagreement with classification is insufficient to establish a constitutional violation). The Bureau of Prisons ("BOP") has the "sole discretion" to determine where a federal inmate will be housed. *Antonelli v. Mukasey*, 275 F. App'x 314 (5th Cir. 2008) (federal inmate requesting transfer to a BOP facility within Minnesota was "not entitled to declaratory, injunctive, mandamus, or habeas relief"). Thus, to the extent Tinsley challenges his transfer to FCC-Yazoo or placement therein, he does not state a cognizable claim for habeas corpus relief under § 2241. *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (the injunctive remedy of transfer to another correctional facility "is not a proper subject for a habeas corpus petition").

Regarding Tinsley's conditions-of-confinement claims, a civil rights action is "the proper vehicle to attack unconstitutional conditions of confinement and prison procedures." *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020). The "bright-line rule" adopted by the Fifth Circuit for determining § 2241 subject matter jurisdiction is that "if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle is a civil rights suit." *Id.* (citation omitted). However, no action shall be brought with respect to prison conditions by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies have been exhausted. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971); *see also Schipke v. Van Buren*,

3

239 F. App'x 85, 86 (5th Cir. 2007) ("Schipke's claims are not cognizable in a habeas action, but should have been raised in a *Bivens* action.  Nevertheless, Schipke would not have prevailed on her claims even if the district court had construed her suit as arising under *Bivens,* since the exhaustion requirement also applies to *Bivens* actions.") (internal citations omitted).  Even when seeking purely injunctive relief, a federal prisoner must exhaust his administrative remedies. *Id.* (citing *Rourke v. Thompson*, 11 F.3d 47, 50 (5th Cir. 1993) (holding that a federal prisoner seeking only injunctive relief must first exhaust the BOP's administrative remedies)).

Federal inmates exhaust their administrative remedies by complying with the BOP's Administrative Remedy Program.  Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies, and substantial compliance with administrative procedures does not suffice to exhaust administrative remedies.  *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e, where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review."  *Schipke*, 239 F. App'x at 86 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).  If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

28 C.F.R. §§ 542.10–542.19 establish a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement.  An inmate must first file a BP-8 form requesting informal resolution.  If this is unsuccessful,

4

the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days of the Regional Director's response. Upon completing this multiple-tiered review process, federal inmates have exhausted the administrative remedies.

A search of Tinsley's administrative remedies history produced by Respondent reveals that no administrative remedy requests have been filed. Tinsley asserts that he has written the warden twice concerning the conditions of confinement to no avail. This is insufficient, however. The law is clear. An inmate must complete all steps in the administrative process, including complying with administrative deadlines and other procedural rules before exhaustion is proper. *Woodford v. Ngo*, 548 U.S. 81, 89–92, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). Tinsley must first exhaust his conditions-of-confinement clams before seeking federal review.

For these reasons, the undersigned recommends that the instant petition, styled as a "Motion for Emergency Injunction and Compassionate Release," be dismissed for lack of § 2241 subject matter jurisdiction, and the conditions of confinement claims be dismissed for failure to exhaust administrative remedies.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of*

*Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on July 9, 2021.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE